# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| SHERYL L. CONGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:12-CV-87-NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application for Brief in Support of Relief under the Equal Access to Justice Act Pursuant to Sentence Four Remand under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 28.] Plaintiff sought an award of attorney's fees in the amount of $2,988.00 for 16.60 hours of work at $180.00 per hour. Defendant Carolyn Colvin, Acting Commissioner of Social Security, represents to the Court that the parties have agreed to attorney's fees in the amount of $2,880.00. [Doc. 29.] Based on the following, the Court will grant Plaintiff attorney's fees in the amount of $1,975.00.

## I.    Factual and Procedural Background

Plaintiff Sheryl L. Conger filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. On January 30, 2014, the Court issued a Memorandum and Order and Judgment and Order of Remand in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). [Docs. 26, 27.] Plaintiff filed an Application for Attorney's

Fees under the EAJA on February 24, 2014. [Doc. 28.] The Commissioner filed a response on March 10, 2014. [Doc. 29.]

## II. Standard of Review

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified, and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four remand cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable." )).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action."

*Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

**III.  Discussion**

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action, because she has obtained a reversal of the Commissioner's denial of her application for benefits. [Doc. 27.]

Second, Plaintiff's application for attorney's fees is reasonable, but will be reduced. Plaintiff initially requested fees in the amount of $2,988.00 at a rate of $180.00 per hour for 16.60 hours of work. [Doc. 28.] As represented by Defendant, the parties agreed to an award of $2,880.00 [Doc. 29.] The application includes an itemized statement from her attorney stating the actual time expended and the rate at which the attorney's fees were computed. The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved."

*Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1171 JCH at *1 (E.D. Mo. June 9, 2009).

In the motion requesting attorney's fees, Plaintiff seeks an increase in the attorney's fee based on an increase in the cost of living since the EAJA's enactment of the hourly rate of $125.00 per hour. "Although the district court may, upon proper proof, increase the [$125.00] per hour rate to reflect the increase in the cost of living, this increase is not automatic." *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989) (internal citations omitted). In this instance, Conger has failed to submit any proof supporting the request for a higher fee. The Eighth Circuit has held that "the Consumer Price Index constitutes proper proof of the increased cost of living since the EAJA's enactment." *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Motions for attorney's fees normally include summaries of the consumer price index from the Department of Labor as exhibits to the motion or a citation or link to the information. However, Conger did not submit any supporting documentation, nor any citations to the CPI that would support the assertion that the CPI has increased 52.72% since 1996. Therefore, the Court will deny Plaintiff's request for an increase of the hourly rate from $125.00. *See McNulty*, 886 F.2d at 1074 (district court did not abuse discretion in refusing to make upward adjustment where plaintiff's counsel failed to submit proof supporting request for a higher fee to the district court).

Further, the Court has carefully reviewed Plaintiff's time records and the Court will reduce the compensable time by 0.8 hours. Attorney's fees cannot be awarded for clerical tasks such as scanning and electronically filing pleadings. *See Granville House, Inc. v. Dep't of Health, Educ. and Welfare*, 813 F.3d 881, 884 (8th Cir. 1987) (attorney cannot receive compensation under EAJA for tasks that are administrative and can be completed by support staff). The Court will not allow compensation of 0.6 hours for reviewing the 4-5 line orders of

the court setting and re-setting the oral argument dates in this case. Therefore, the Court will award Plaintiff $1,975.00 in attorney's fees at the rate of $125.00 per hour for 15.8 hours of work.

Plaintiff has submitted an affidavit assigning any award she may receive under the EAJA to her counsel of record. The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 130 S.Ct. 2521,2525 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant) (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney fees to the prevailing party under the EAJA are "subject to [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 130 S. Ct. at 2524. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned her right to the award to her attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to her attorney of record as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

**IV.   Conclusion**

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $1,975.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act is **GRANTED**. [Doc. 28.]

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security shall remit to Dempsey, Dempsey, and Moellring, attorney's fees in the amount of $1,975.00, subject to any pre-existing debt that the Plaintiff owes to the United States.

Dated this 8th day of April, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE